

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2009

# Huang-Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1839

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Huang-Li v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1185.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1839
_____

QIANG HUANG-LI,

Petitioner

vs.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-951-103)
Immigration Judge: Miriam Mills

_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2009
Before:  FUENTES, WEIS and GARTH, Circuit Judges

(Opinion filed: June 15, 2009)
_____

OPINION
_____

PER CURIAM.

Petitioner Qiang Huang-Li seeks review of a final order of removal.  For

the reasons that follow, we will deny the petition for review.

Huang-Li is a native and citizen of the People's Republic of China. According to Huang-Li, when he lived in China, he did so with family members in a house that he had inherited from his father. In March 2001, that house and many others were the subject of a demolition order issued by local government officials. The government planned to clear the land and reimburse the residents of the demolished homes. The proposed amount of compensation was objected to as unreasonable by the residents, including Huang-Li.

In May 2001, government cadres came to his home and threatened Huang-Li's family because of their failure to cooperate with the relocation plan. Two weeks later, government workers arrived at Huang-Li's home and forced his family outside so that demolition could begin. Provoked by the treatment of his mother during this incident, Huang-Li assaulted one of the workers. He was subsequently arrested and administratively detained for fifteen days. Huang-Li testified that while in detention he was interrogated and beaten by government officials. Not long after his release, Huang-Li joined about three hundred others in front of a government office building to protest the demolition. The police were called to disperse the crowd, and, fearing another arrest, Huang-Li began his flight from China.

Huang-Li entered the United States in September 2005 without being admitted or paroled by immigration officials. Soon after, he joined the Party for Freedom

and Democracy in China ("PFDC"), a group in the United States that opposes the Chinese government. Eventually, Huang-Li was issued a Notice to Appear, charging him with removability based on his unlawful entry. He conceded removability and requested relief in the form of asylum, withholding of removal and protection under the Convention Against Torture. He claimed that if returned to China, he would be jailed for his opposition to the demolition of his house, and also for his political activities with PFDC in the United States.

After a hearing, the immigration judge ("IJ") ordered Huang-Li removed, finding that his account of pertinent events lacked credibility and sufficient proof. The Board of Immigration Appeals ("BIA") affirmed without opinion. Huang-Li then filed this timely petition for review, asserting three issues for adjudication: 1) "Is Mr. Huang-Li's case a mixed motive case in which he showed that his political opinion was a central reason for his arrest and torture?"; 2) "Is the BIA approach to mixed motive cases as enunciated by Matter of S-P- . . . still good law in light of the demands of the REAL ID Act?"; and 3) "Does the record support Mr. Huang-Li's contention that a mixed motive is appropriate in his case?".

II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). However, "[s]ection 1252(d) of the Immigration and Nationality Act provides that the courts of appeals 'may

3

review a final order of removal only if - (1) the alien has exhausted all administrative remedies available to the alien as of right.'" Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(d)(1)). "[I]ssue exhaustion as required by 1252(d)(1) is a jurisdictional rule." Id. at 159 n.3. Thus, an alien must "raise or exhaust his or her remedies as to each claim or ground for relief [before the BIA] if he or she is to preserve the right of judicial review of that claim." Id. at 159.

On appeal before the BIA, Huang-Li challenged the IJ's adverse credibility determination, and argued that he had "carried the burden of proof in his claim that he was arrested in China for political reasons and that the Judge read the INA too narrowly." (A.R. 9, 11.) Notably, Huang-Li did not present any claims concerning "mixed-motive" persecution in his brief or in his notice of appeal to the BIA. Therefore, the only claims ripe for our review concern Huang-Li's challenge to the IJ's adverse credibility determination and his allegations of past and prospective persecution on account of both his opposition to the demolition of his house in China and his membership in PFDC.

III.

When the BIA issues an affirmance without opinion, "we review the IJ's opinion and scrutinize its reasoning." See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We review both the IJ's factual findings and her adverse credibility determination for substantial evidence. See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The IJ's adverse

4

credibility determination will not be disturbed unless "any reasonable adjudicator would be compelled to conclude to the contrary." Dia, 353 F.3d at 249. Furthermore, because Huang-Li filed his asylum application after the enactment of the REAL ID Act, the inconsistencies, inaccuracies, or falsehoods upon which the IJ's adverse credibility finding is based need not go the heart of his claim. See Lin v. Att'y Gen., 543 F.3d 114, 119 n.5 (3d Cir. 2008).

The IJ based her adverse credibility determination on several factors, not least of which were Huang-Li's failure to reasonably corroborate his claims that he was beaten while in detention and that his membership in PFDC would cause the Chinese government to detain or persecute him if he returns to China. In particular, Huang-Li provided no documentation of medical treatment, claiming that there was nothing to show because his injuries were "internal"; nor did his mother's letter make any mention that he was beaten while detained. The IJ also noted that PFDC is not referenced in any of the relevant Country Reports, and that Huang-Li failed to provide any other reasonable corroboration to demonstrate that PFDC is an organization recognized by China or that China targets members of that organization. Moreover, the IJ found an inconsistency in Huang-Li's testimony as to when he had received a document from the Public Security Bureau regarding his detention. In light of all these inconsistencies and failures to provide

corroborating proof, the IJ found Huang-Li to be incredible.

It is not enough that we might have found Huang-Li credible if we were hearing his testimony in the first instance. Adverse credibility findings must be afforded substantial deference, so long as they are supported by sufficient, cogent reasons. See Butt v. Gonzales, 429 F.3d 430, 434 (3d Cir. 2005). We are convinced that such reasons exist here. Therefore, we cannot say that "any reasonable adjudicator would be compelled to conclude" that Huang-Li was a credible witness at his hearing. Dia, 353 F.3d at 249.[1]

Accordingly, we will deny the petition for review.

---

[1] Even assuming, arguendo, that Huang-Li could overcome the adverse credibility determination, he would not be entitled to relief. When asked by his attorney on direct examination, "[w]hat harm do you fear," Huang-Li responded as follows: "Just probably I would be put in jail." (A.R. 85.) A fear of prosecution may constitute grounds for asylum if the prosecution is motivated by one of the five enumerated factors, "and if the punishment under the law is sufficiently serious to constitute persecution." Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004). Here, neither condition is supported by the record.